IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS E. CODY, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4: CV-05-851 |
| | : | |
| JAMES L. GRACE, ET AL., | : | (Judge Jones) |
| | : | |
| Respondents | : | |

**MEMORANDUM AND ORDER**

October 28, 2005

**Background**

Lewis E. Cody ("Petitioner" or "Cody"), an inmate presently confined at the State Correctional Institution, in Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated this Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254. Named as Respondents are SCI-Huntingdon Superintendent James L. Grace and the Attorney General for the Commonwealth of Pennsylvania. Service of the Petition was previously ordered.

Petitioner was convicted of rape, statutory sexual assault, sexual assault, aggravated indecent assault, indecent assault, endangering the welfare of children, and corruption of minors following a two day jury trial in the Union County Court

of Common Pleas. He was sentenced to an eight and a half (8½) to twenty (20) year term of incarceration on the rape charge and a consecutive term of one and a half (1½) to five (5) years for aggravated indecent assault on May 21, 1998. Post trial motions were denied on February 28, 1999.

A direct appeal to the Pennsylvania Superior Court was denied by an Opinion dated March 21, 2000. See Commonwealth v. Cody, 757 A.2d 990 (Pa. Super. 2000)(Table). Cody did not seek further review from the Pennsylvania Supreme Court. On May 1, 2003, Petitioner initiated an action pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). By Order dated February 2, 2004, the trial court dismissed the Petition as being untimely filed. The Superior Court affirmed the dismissal on September 21, 2004. See Commonwealth v. Cody, 863 A.2d 1220 (Pa. Super. 2004)(Table). A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on March 28, 2005. See Commonwealth v. Cody, 871 A.2d 188 (Pa. 2005)(Table). This § 2254 Petition was filed on April 28, 2005.

In his present action, Cody claims entitlement to federal habeas corpus relief on the grounds that: (1) trial counsel provided ineffective assistance for failing to file a requested appeal after the victim recanted her testimony; and (2) the PCRA

court "punished me because I did not want one of its attorneys" and has refused to provide him with copies of transcripts and records which are needed to establish his actual innocence.  (Rec. Doc. 1, ¶ 12(b)).  Attached to his Petition is what appears to be Cody's appellate brief from his PCRA appeal to the Superior Court.  His state appellate brief asserts that the trial court erred by limiting cross examination of a witness and gave improper instructions to the jury.  It next maintains that trial counsel was ineffective for conducting an inadequate investigation, neglecting to call available witnesses and failing to object to the purported inadequate jury instructions.  His third argument sets forth claims of ineffective assistance by appellate counsel for not properly seeking relief based on the victim's alleged recantation of her trial testimony.  Cody's final Superior Court argument was that the PCRA court violated his constitutional rights by denying him needed transcripts and documents.

Respondents argue that Petitioner is not entitled to habeas corpus relief because his Petition is untimely.  They alternatively contend that Cody failed to satisfy the exhaustion of state court remedies requirement.

**Discussion**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")

amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, 28 U.S.C. § 2244(d)(1)-(2) provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(emphasis added); <u>see</u> <u>generally</u>, <u>Jones v. Morton</u>, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the direct appeal is concluded. <u>See</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in original).

However, a one year grace period existed for applicants whose convictions became final before the April 23, 1996 effective date of the AEDPA. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Cody was convicted on February 21, 1998. He was sentenced on May 21, 1998, well after the effective date of the AEDPA. A direct appeal to the Pennsylvania Superior Court was denied on March 21, 2000. See Commonwealth v. Cody, 757 A.2d 990 (Pa. Super. 2000)(Table). The Petitioner did not seek further review from the Pennsylvania Supreme Court.

Thus, Cody's conviction became final on direct review on April 20, 2000 after he failed to timely seek review from the Pennsylvania Supreme Court. Accordingly, Petitioner had until April 20, 2001 in which to timely seek federal habeas corpus relief.

As indicated above, § 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules

5

governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir. April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

      In Nara v. Frank, 264 F.3d 310, 316 (3d Cir. 2001), the Third Circuit recognized that a motion to withdraw a guilty plea nunc pro tunc "was a 'properly filed application for state post-conviction or other collateral review' within the meaning of § 2244(d)(2)." However, a subsequent ruling by the Third Circuit held that an untimely PCRA petition was not a properly filed action for purposes of the AEDPA and therefore did not toll the statute of limitation for the filing of a federal habeas petition. Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003).

Recently, in Schleueter v. Varner, 2004 WL 2035180 (3d Cir. Sept. 14, 2004), the Third Circuit established that a state court ruling dismissing a PCRA petition as untimely was controlling for purposes of a determination under Merritt. The Court of Appeals added that tolling was not permissible "merely because petitioner unsuccessfully has sought the right to appeal *nunc pro tunc* years after his unexercised right to file a timely direct appeal has expired." Id. at 6.

Petitioner initiated a PCRA action on May 1, 2003. The trial court denied his PCRA action (including Cody's subsequent amended petitions) as being untimely filed on February 2, 2004. See Rec. Doc. 11, at 166-68.[1] The untimeliness determination was affirmed by the Superior Court on September 21, 2004. See id. at 170-75; Commonwealth v. Cody, 863 A.2d 1220 (Pa. Super. 2004)(Table). The Superior Court clearly noted that "Cody filed his petition too late" and that the petition was "untimely on its face." Id. at 172. The Superior Court concluded that "Cody's petition was untimely filed and he failed to establish the applicability of any exception." Id. at 175. A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on March 28, 2005. See

---

[1] Respondents have submitted copies of the trial court and Superior Court's orders denying PCRA relief.

Commonwealth v. Cody, 871 A.2d 188 (Pa. 2005)(Table). Cody has not offered any legitimate explanation for his prolonged delay in seeking federal habeas relief.

Under the standards announced in Merritt and Schleueter, it is the conclusion of this Court that Cody is not entitled to statutory tolling for the period that his untimely PCRA action was pending in state court. Since Cody's pending § 2254 Petition was not filed until April 2005, it was initiated well beyond the one year limitations period established by § 2244.

However, the AEDPA's "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159 (citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998)). The Jones court held that "extraordinary" and "rare" circumstances are required for the granting of equitable tolling.[2] "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.

---

[2] Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

2001).³

Cody generally asserts that he is entitled to equitable tolling because he was denied access to transcripts and other documents. (See Rec. Doc. 13, at 6). It is noted that there is no evidence that the Commonwealth actively misled Petitioner. A review of the record also establishes that this is not a situation involving recently discovered claims.

On the contrary, Petitioner has been aware of the substance of his present claims since 1998, when a purported recantation of the victim's trial testimony surfaced. However, there was clearly a prolonged period of inactivity from the April 20, 2000 conclusion of his direct appeal to the May 1, 2003 initiation of his untimely PCRA action during which Cody made no attempt to seek federal or state relief. In addition, the Petitioner's PCRA action and present § 2241 action were clearly prepared without access to the transcripts and documents which are the foundation for his equitable tolling argument.

In Johnson v. Hendricks, 314 F. 3d 159 (3d Cir. 2002), the Third Circuit held that attorney error was not a sufficient basis for equitable tolling. Likewise, it

---

³ This position is also supported by the unambiguous statutory language of 28 U.S.C. § 2254(i) which precludes habeas relief for ineffective or incompetence of collateral counsel.

has been established that the principles of equitable tolling do not extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990). In light of Cody's prolonged period of inaction, the facts of this case do not constitute the extraordinary circumstances required for equitable tolling. While this Court is sympathetic to the plight of pro se litigants, under the standards set forth in Miller and Jones, the present Petition simply does not allege the type of extraordinary circumstances which would warrant equitable tolling.[4]   Thus, Petitioner's request for federal habeas corpus relief will be dismissed pursuant to 28 U.S.C. § 2244(d)(1)(A).

**NOW, THEREFORE, IT ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus is DISMISSED as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

2. The Clerk of Court is directed to CLOSE the case.

3. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

s/ John E. Jones III

---

4. To the extent that Cody believes that there are circumstances existing that would warrant tolling of the limitations period, or that he can allege facts showing that his present habeas corpus petition was timely filed, he may seek reconsideration of this decision. Any motion for reconsideration must be filed within ten (10) days of this decision.

JOHN E. JONES III
United States District Judge