IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEWIS E. CODY,                   :

       Petitioner           :

     v.                      :    CIVIL NO. 4: CV-05-851

JAMES L. GRACE, <u>ET AL.</u>,    :    (Judge Jones)

       Respondents     :

## <u>ORDER</u>

May 3 , 2006

**<u>Background</u>**

Lewis E. Cody ("Petitioner" or "Cody"), an inmate presently confined at

the State Correctional Institution, in Huntingdon, Pennsylvania ("SCI-

Huntingdon"), filed this Petition for Writ of Habeas Corpus ("the Petition")

pursuant to 28 U.S.C. § 2254.  Named as Respondents are SCI-Huntingdon

Superintendent James L. Grace and the Attorney General for the Commonwealth

of Pennsylvania.

Petitioner was convicted of rape, statutory sexual assault, sexual assault,

aggravated indecent assault, indecent assault, endangering the welfare of children

and corruption of minors following a two day jury trial in the Union County Court

of Common Pleas.  Cody claimed entitlement to federal habeas corpus relief on

the grounds that: (1) trial counsel provided ineffective assistance for failing to file a requested appeal after the victim recanted her testimony; and (2) the PCRA court "punished me because I did not want one of its attorneys" and has refused to provide him with copies of transcripts and records which are needed to establish his actual innocence. (Rec. Doc. 1, ¶ 12(b).

Attached to his Petition is what appears to be Cody's appellate brief from his Post Conviction Relief Act ("PCRA") appeal to the Superior Court. His state appellate brief asserts that the trial court erred by limiting cross examination of a witness and gave improper instructions to the jury. It next maintains that trial counsel was ineffective for conducting an inadequate investigation, neglecting to call available witnesses, and failing to object to the purported inadequate jury instructions. His third argument sets forth claims of ineffective assistance by appellate counsel for not properly seeking relief based on the victim's alleged recantation of her trial testimony. Cody's final Superior Court argument was that the PCRA court violated his constitutional rights by denying him needed transcripts and documents.

By Memorandum and Order dated October 28, 2005, this Court stated that Cody's conviction became final on direct review on April 20, 2000 after he failed

to timely seek review from the Pennsylvania Supreme Court.   It was further noted that the Petitioner had until April 20, 2001 in which to timely seek federal habeas corpus relief.   Based upon the standards announced in <u>Merritt v. Blaine</u>, 326 F.3d 157 (3d Cir. 2003) and <u>Schleueter v. Varner</u>, 2004 WL 2035180 (3d Cir. Sept. 14, 2004), this Court concluded that Cody was not entitled to statutory tolling for the period that his untimely PCRA action was pending in state court and his § 2254 petition was subject to dismissal because it was filed well beyond the one year limitations period established by 28 U.S.C. § 2244(d)(1)(A).

Presently pending before the Court are two requests by Cody that this Court reconsider the dismissal of his Petition.  Specifically, Petitioner's initial filing indicates that adequate reasons exist which would warrant equitable tolling of the statute of limitations.  His second submission indicates that an attached wage summary/payroll register provides an alibi defense and thus establishes newly discovered factual evidence of his innocence.

**Discussion**

A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have

affected the court's decision. <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906 (3d Cir. 1985), <u>cert.</u> <u>denied</u>, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." <u>See</u> <u>Rohrbach v. AT & T Nassau Metals Corp.</u>, 902 F. Supp. 523, 527 (M.D. Pa. 1995), <u>vacated in part on other grounds on reconsideration</u>, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motions for reconsideration, Cody reasserts arguments previously presented to this Court. Petitioner's pending submissions do not present any new facts or arguments which would undermine this Court's prior determination. It remains the conclusion of this Court that Cody has failed to establish any basis for equitable tolling of the controlling statute of limitations. Furthermore, Petitioner has also failed to adequately explain how the wage

summary/payroll register attached to his second motion qualifies as being newly

discovered evidence which could not have previously obtained and which

establishes his actual innocence.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's motions seeking reconsideration (docs. 16

    & 18) are DENIED.


JOHN E. JONES III
United States District Judge